# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 15 CR 120 |
| v. | Magistrate Judge Mary M. Rowland |
| JAMES ADEMIJU, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

On April 16, 2015, Defendant James Ademiju filed the instant motion for return of seized/confiscated funds (Dkt. 21; Dkt. 22) requesting that funds seized at the time of his arrest be returned. On May 1, 2015, the United States filed a response. (Dkt. 26). No reply was filed. For the reasons set forth below, Defendant's motion is denied.

## I. BACKGROUND

This matter involves a criminal complaint alleging Defendant was involved in a scheme to defraud the United States Medicare healthcare reimbursement system, and paid kickbacks for the referrals of patients whose treatment and care were billed to Medicare. (Dkt. 21, ¶ 1). On March 9, 2015, this Court issued seizure warrants in conjunction with the arrest warrant. (Dkt. 26 at 1). The seizure warrants authorized federal law enforcement officers to seize funds contained in two JP Morgan Chase Bank accounts under the names Adonis, Inc. and BestMed-

Care Services. (Dkt. 26 at 1-2). On March 10, 2015, Defendant was arrested and federal law enforcement officers served the seizure warrants. (Dkt. 26 at 1).

On April 21, 2015, the FBI commenced administrative forfeiture proceedings pursuant to 18 U.S.C. § 983(a)(1) by providing notice of forfeiture to Defendant. (Dkt. 26 at 2). There is no evidence that Defendant has filed an administrative claim with the FBI pursuant to 18 U.S.C. § 983(a)(2). (Dkt. 26 at 2).

## II. DISCUSSION

### A. Administrative Requirements

The government argues that Defendant's request for seized funds is not properly before this Court. Rather, according to the Government, Mr. Ademiju must request the return of seized funds pursuant to the administrative process as outlined in 18 U.S.C. §§ 983(a)(2)-(4) and 983(f). The Court agrees.

If the government initiates a nonjudicial civil forfeiture proceeding, it must send written notice to interested parties. 18 U.S.C. § 983(a)(1)(A)(i). After receiving notice, a person claiming seized property may contest the forfeiture by filing a claim pursuant to 18 U.S.C. § 983(a)(2)(A): "Any person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure." 18 U.S.C. § 983(a)(2)(A). A claim shall "(i) identify the specific property being claimed; (ii) state the claimant's interest in such property; and (iii) be made under oath, subject to penalty of perjury." 18 U.S.C. § 983(a)(2)(C). A claim "need not be made in any particular form.

Each Federal agency conducting nonjudicial forfeitures under this section shall make claim forms generally available on request." 18 U.S.C. § 983(a)(2)(D); *see also Rivera-Bridigo v. Forfeiture Counsel*, No. 13 C 8921, 2014 WL 2769154, at *1 (N.D. Ill. June 18, 2014). A claim by an interested party "may be filed not later than the deadline set forth in a personal notice letter." 18 U.S.C. § 983(a)(2)(B). Once a claim is filed, the government has ninety days to file a civil complaint for judicial forfeiture, return the property, or obtain a criminal indictment containing an allegation that the property is subject to forfeiture. 18 U.S.C. § 983(a)(3)[1]; *Azabdaftari v. Mayer*, 734 F. Supp. 2d 51, 53 (D.D.C. 2010).

Failure to exhaust the administrative remedies under this process warrants dismissal. *Malladi Drugs & Pharm., Ltd. v. Tandy*, 552 F.3d 885, 889 (D.C. Cir. 2009) (holding that appellant's "legal challenge fails because [it] did not exhaust its administrative remedies before filing suit, having neglected to use the mechanism for obtaining judicial relief provided in the forfeiture statutes"). *See also United States v. Martin*, 460 F. Supp. 2d 669, 674 (D. Md. 2006) (holding that the defendant's "failure to timely file a claim [with the appropriate official] is a sufficient basis for" denying motions for return of forfeited property).

---

[1] (A) Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture . . . or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties. (B) If the Government does not--(i) file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or (ii) before the time for filing a complaint has expired-- (I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture . . . the Government shall promptly release the property. 18 U.S.C. § 983(a)(3)(A)-(B).

There is no evidence and Defendant does not allege in his motion that he filed a claim pursuant to 18 U.S.C. § 983(a)(2) with the appropriate administrative official after he received notice of the seizure, nor did he file a reply in response to the government's assertions that no claim was filed.[2] Because Defendant has not exhausted his administrative remedies by filing a claim with the appropriate official after receiving notice of the seizure, Defendant's motion for return of seized/confiscated funds (Dkt. 21; Dkt. 22) is denied.

## B. Source of Funds

Next, Defendant argues that the accounts at issue contained funds that "are not in any conceivable way attributable to any of the criminal allegations alleged by the Government in the Complaint." (Dkt. 21, ¶ 4). Specifically, Defendant states that the funds deposited into the "BestMed" account were funds deposited either directly by a private insurance carrier for services not billed to Medicare, (Dkt. 21, ¶ 5), or from an unrelated business, BestMed Care Institute. (Dkt. 21, ¶¶ 6-8).

Under 18 U.S.C. § 984, the government does not need to trace specific funds seized in a bank account if it seizes "identical property found in the same place or account as the property involved in the offense." 18 U.S.C. § 984(a)(2); *United States v. Funds in Amount of $246,197.44*, No. 14 CV 01570, 2015 WL 1943346, at *4-5 (N.D. Ill. Apr. 29, 2015). Section 984 permits the government in a civil forfeiture

---

[2] The government notes that even if Defendant's motion (Dkt. 21; Dkt. 22) is construed as a claim for purposes of 18 U.S.C. § 983(a)(2), the 90 days has not yet elapsed. (*See* Dkt. 26 at 2-3). The Court notes that 90 days from the date of Defendant's motion is July 15, 2015. Regardless, this issue is not before the Court as Defendant has not asked this Court to construe the pending motion as a claim for purposes of 18 U.S.C. § 983(a)(2).

action to forfeit fungible property without directly tracing the property if the funds are seized from the same account as the property involved in the offense, provided that the action is commenced within one year from the date of the offense. *See* 18 U.S.C. § 984(a)-(b).[3] Thus, these funds were properly seized and may be subject to forfeiture regardless of whether some of the funds are directly traceable to the offense that is the basis of the forfeiture.

### III. CONCLUSION

For the reasons set for above, Defendant's motion for return of seized/confiscated funds (Dkt. 21; Dkt. 22) is denied.

Dated: July 6, 2015

Mary M Rowland

---

[3] (a)(1) In any forfeiture action in rem in which the subject property is cash, monetary instruments in bearer form, funds deposited in an account in a financial institution (as defined in section 20 of this title), or precious metals--
(A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
(B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.
(2) Except as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.
(b) No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense. 18 U.S.C. § 984(a)-(b).